UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIIKO D. SMITH,<br><br>      Petitioner<br><br>      v.<br><br>WARDEN, SVSP,<br><br>      Respondent. | Case No. EDCV 12-1453-JAK (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objection to the Report.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In his Objections, Petitioner has made two new assertions not previously presented in connection with the issues addressed by the Report.  A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation.  *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).  The Court has exercised its discretion to consider these new assertions, but

concludes that they do not affect or alter the analysis and conclusions set forth in the Report.

Petitioner's new assertions are brief and conclusory; they also are unsworn and unsupported by any evidence. His allusion to a loss of legal property on two occasions is too vague and conclusory to establish good cause for his failure to exhaust Grounds 3 through 11, as well as to establish a basis for equitably tolling the limitations period applicable to these claims. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (an unsupported assertion of good cause does not satisfy the good cause requirement); *see also Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005) (a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine). Petitioner's bald assertion that he is "innocent" – bereft of any evidentiary support – is plainly inadequate to invoke any innocence-based exception to the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1935-36 (2013); *Schlup v. Delo*, 115 S. Ct. 851, 865, 867 (1995).

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) a *Rhines* stay is DENIED; (2) Respondent's motion to dismiss Grounds 3 through 11 of the Petition on the ground of untimeliness [Docket 57] is GRANTED, and Grounds 3 through 11 of the Petition are dismissed, with prejudice, as untimely; (3) the Petition is deemed to consist solely of Grounds 1 and 2; (4) the Clerk's Office is directed to file Petitioner's Traverse received on August 10, 2015; and (5) with the filing of the Traverse, this case is under submission to the Court.

**IT IS SO ORDERED.**

DATE: January 4, 2016

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE